## JACOBY v. FOX.

(Supreme Court, Appellate Term.   December 31, 1900.)

1  JURY—FINDING—REVIEW—EVIDENCE.
   Where there is any competent evidence to sustain the finding of the jury, the weight of the evidence cannot be considered on appeal.

2. SERVANT—DISCHARGE- LETTER OF RECOMMENDATION—ADMISSIBILITY.
   Where defendant testified, in an action for breach of a contract of employment, that plaintiff was an incompetent workman, a letter of recommendation, given plaintiff by defendant at the close of a former contract for the same kind of services, was admissible in rebuttal to contradict such statement.

3. SAME—INSOLENT CONDUCT OF EMPLOYE—RIGHT OF RECOVERY.
   In an action for breach of a contract of employment, it was proper to charge that if plaintiff was insolent towards his employer, or refused to obey him, plaintiff could not recover.

Appeal from city court of New York, general term.

Action by Jacob Jacoby against Morris Fox for breach of contract of employment. From an order denying a new trial, and from a judgment of the general term (66 N. Y. Supp. 488) affirming a judgment of the trial term in favor of plaintiff, defendant appeals.   Affirmed.

Plaintiff was employed by defendant as a cloak designer and cutter, and at the close of a former engagement with defendant for the same kind of services had been given a letter of recommendation as a competent workman.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Black, Olcott, Gruber & Bonynge, for appellant.

A. & C. Steckler, for respondent.

PER CURIAM.   This is an appeal from an order of the general term of the city court of the city of New York, and from a judgment entered thereon affirming a judgment in favor of the plaintiff entered upon the verdict of a jury, and affirming an order denying defendant's motion for a new trial.

It has frequently been held that, on appeals of this nature, this court cannot consider the weight of evidence, and that, if there is any competent evidence which sustained the finding of the jury, the order of the general term of the city court must be affirmed.   An examination of the case shows that there is evidence which, if believed by the jury, warranted it in finding for the plaintiff.   None of the exceptions was well taken.   The letter offered in evidence by the plaintiff tended to contradict the defendant's testimony, and therefore was admissible.   The evidence excluded at folio 92 was not excepted to.   The exception at folio 86 was not well taken.   The question asked had no bearing upon the case.   The exception to the charge was not well taken.   The trial judge, in effect, told the jury that if the plaintiff was insolent towards his employer, or if he refused to obey his employer, he was not entitled to recover.   This was a direct exposition of the law in this case.

Judgment and order appealed from affirmed, with costs.